WALTER F. AUSTIN, TRUSTEE, HERBERT T. AUSTIN TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46075. Promulgated February 12, 1930.

*Cornelius C. Beekman, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

**OPINION.**

MURDOCK: It is clear that all of the income from the trust in question was to be accumulated or held for future distribution. The petitioner makes no claim that section 208 should be applied or that it would benefit him if applied. But for an entirely different purpose he seeks to differentiate between that income which he calls ordinary income and the income which represents the gain from the sale of capital assets of the corpus of the trust. He contends that aside from section 208 he is entitled to report these two classes of income separately and on separate returns. In this way he would bring more of the total income into the lower tax brackets, thus reducing the normal tax, and would also, in the same manner, reduce the surtax.

The Commissioner, in his deficiency notice, explained to the petitioner that there was no provision in the law or regulations to support such a separation of the income for tax purposes. Therefore, in accordance with article 341 of Regulations 69, pertaining to the Revenue Act of 1926, he added the two kinds of income, as reported, to arrive at the total net income of the trustee. From this income he deducted dividends and allowed an exemption of

$1,500 to arrive at the income subject to normal tax, which tax he computed in the ordinary way, and to this tax he then added the surtax on the total income. He then deducted the tax paid at source to arrive at the total tax liability of the petitioner, from which he deducted the total amount of tax shown on the returns and the remainder was the deficiency.

We see no error in this action of the Commissioner and, therefore, approve his determination.

*Judgment will be entered for the respondent.*

*Cornelius C. Beekman, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.